IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHERYL FAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 08-996 |
| | ) | |
| MICHAEL SZUPPER, individually and as Relocation Specialist United States Dept. of Housing and Urban Development (HUD); JOHN TOLBERT, individually and as Field Office Director, HUD; WESTMORELAND COUNTY, PA., HOMES BUILD HOPE, a Service of ADELPHOI, USA; WEM HOUSING, L.P., CHAD RUFFNER, individually and as Executive Director WEM Housing L.P. and in official capacity at HOMES BUILD HOPE; PROFESSIONAL COMMUNITY COORDINATORS, INC., and CARLOTTA PAIGE, individually and in her official capacity at PROFESSIONAL COMMUNITY COORDINATORS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

Presently before the Court is a motion for reconsideration of the Court's Memorandum Opinion and Order dated April 15, 2009 filed by defendants Michael Szupper and John Tolbert (Document No. 86). For reasons discussed below, the defendants' motion for reconsideration will be granted; and accordingly, all claims in the amended complaint are dismissed against defendants Michael Szupper and John Tolbert.

The plaintiff, Cheryl Faylor, proceeding pro se, has filed an amended civil rights

complaint pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. §§ 4601, et seq. Named as defendants in the amended complaint are several parties, including Michael Szupper, individually and as Relocation Specialist for the United States Department of Housing and Urban Development ("HUD"), John Tolbert, individually and as Field Office Director of HUD (collectively, the "Federal defendants"), and Westmoreland County, PA and its Commissioners Thomas Bayla and Thomas Ceraso, individually and in their official capacities as County Commissioners for Westmoreland County, PA (collectively, the "County defendants").[1]

In her amended complaint, the plaintiff contends that the defendants failed to comply with the URA during her relocation to other housing which resulted in a deprivation of her Fourteenth Amendment rights to equal protection (Count I) and due process (Count II) under 42 U.S.C. § 1983. The plaintiff also complains that the defendants engaged in a conspiracy to violate her civil rights under 42 U.S.C. § 1985(3) (Count V) and are liable for breach of contract/unjust enrichment (Count III) and negligence (Count IV).

In response to the amended complaint, the County defendants moved to dismiss it, and the Federal defendants filed a motion to dismiss or for summary judgment.[2] On April 15, 2009, the Court issued a Memorandum Opinion and Order, granting in part the County defendants' and Federal defendants' motions to dismiss. Specifically, the Court granted the

---

1. Also named as defendants are Homes Build Hope ("HBH"), WEM Housing L.P., Chad Ruffner, individually and as Executive Director of WEM Housing and in his official capacity at HBH, Professional Community Coordinators, Inc. ("PCC"), and Carlotta Paige, individually and in her official capacity at PCC.

2. The other named defendants filed answers to the amended complaint, after which PCC and Carlotta Paige also filed a motion to dismiss or for summary judgment which is now pending.

County defendants' motion to dismiss all claims except for the plaintiff's procedural due process claim in Count II against Westmoreland County; and it treated the Federal defendants' motion as a motion to dismiss and granted it on all claims except for the procedural due process claim against them in their individual capacities in Count II.

On April 29, 2009, the Federal defendants moved for reconsideration of the Court's Memorandum Opinion and Order to the extent it permitted the procedural due process claim to proceed against them in their individual capacities. In their motion for reconsideration, the Federal defendants argue that the procedural due process claim against them under § 1983 cannot lie, as they did not act under color of state law.

"[A] motion for reconsideration is placed within the sound discretion of the district court". Hudson United Bank v. Litenda Mortgage Corp., 142 F.3d 151, 159-60 (3d Cir. 1998). Our Court of Appeals has stated that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:

> (1) an intervening change in the controlling law;
>
> (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or
>
> (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The Federal defendants rely upon the third factor listed above. They argue that the Court should alter or amend its Memorandum Opinion and Order, because allowing the procedural due process claim to proceed against them in their individual capacities would be an error of law or a manifest injustice.

In the April 15, 2009 Memorandum Opinion and Order, the Court granted the Federal defendants' motion to dismiss all constitutional claims against them in their official capacities, as they are exempt from § 1983 liability. As explained in the Memorandum Opinion at p. 21, that is because:

> § 1983 is derived from the Civil Rights Act of 1871, which was enacted to enforce the Fourteenth Amendment... [T]he Act of 1871... is addressed only to the state and to those acting under color of state authority... [Thus], [i]t is well established that liability under § 1983 will not attach for actions taken under color of federal law.

Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001).

We agree with the Federal defendants that this reasoning also applies to bar the procedural due process claim against them in their individual capacities, for which they are said to have acted under color of federal law. Indeed, "the Fourteenth Amendment only applies to actions of the states and not to the federal government". Brown, supra, 250 F.3d at 800. Also see, Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998) ("Because section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law.").

An appropriate Order will be entered.

## O R D E R

AND NOW, this 30th day of June 2009, for the reasons set forth in the Court's Supplemental Memorandum Opinion,

IT IS ORDERED that the motion for reconsideration of the Court's Memorandum Opinion dated April 15, 2009 filed by defendants Michael Szupper and John Tolbert (Document No. 86) is granted.

IT IS ALSO ORDERED that all claims in the amended complaint are dismissed against defendants Michael Szupper and John Tolbert.

s/ ROBERT C. MITCHELL
United States Magistrate Judge