IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL FAYLOR, )<br>        Plaintiff, )<br>)<br>vs )<br>)<br>MICHAEL SZUPPER, individually and as )<br>Relocation Specialist United States Dept. of )<br>Housing and Urban Development (HUD); )<br>JOHN TOLBERT, individually and as Field )<br>Office Director, HUD; WESTMORELAND )<br>COUNTY, PA., HOMES BUILD HOPE, a )<br>Service of ADELPHOI, USA; WEM )<br>HOUSING, L.P., CHAD RUFFNER, )<br>individually and as Executive Director WEM )<br>Housing L.P. and in official capacity at )<br>HOMES BUILD HOPE; PROFESSIONAL )<br>COMMUNITY COORDINATORS, INC., )<br>and CARLOTTA PAIGE, individually and in )<br>her official capacity at PROFESSIONAL )<br>COMMUNITY COORDINATORS, INC., )<br>        Defendants. ) | Civil Action No. 08-996 |

<u>MEMORANDUM OPINION AND ORDER</u>

MITCHELL, Magistrate Judge:

      Presently before the Court is the plaintiff's "motion for leave to file a late jury demand" (Document No. 117). For reasons discussed below, the plaintiff's motion will be denied.

      On August 4, 2008, plaintiff Cheryl Faylor, proceeding pro se, filed a complaint pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. §§ 4601, et seq. The complaint did not include a demand for a jury

trial. Further, on the civil cover sheet to her complaint, the plaintiff expressly indicated that she was not making a jury demand.

On December 8, 2008, the plaintiff filed an amended complaint, in which she again did not make a demand for a jury trial. In her amended complaint, the plaintiff alleged that the defendants failed to comply with the URA which resulted in a deprivation of her Fourteenth Amendment rights to equal protection (Count I) and due process (Count II) under 42 U.S.C. § 1983. She also complained that the defendants engaged in a conspiracy to violate her civil rights under 42 U.S.C. § 1985(3) (Count V) and were liable for breach of contract/unjust enrichment (Count III) and negligence (Count IV).[1]

In response to the amended complaint, the defendants filed motions to dismiss it, or for summary judgment which the Court granted in full or in part. Following the Court's rulings in this matter, two claims remain: (1) the plaintiff's procedural due process claim (Count II of amended complaint) against Westmoreland County, Homes Build Hope ("HBH"), WEM Housing, L.P. ("WEM"), Chad Ruffner, Professional Community Coordinators, Inc. ("PCC"), and Carlotta Paige; and (2) plaintiff's negligence claim (Count IV) against HBH, WEM, Chad Ruffner, PCC and Carlotta Paige.

All answers to the amended complaint were filed by May 22, 2009. As of October 7, 2009, no party had made a written jury demand.

---

1. Named as defendants in the amended complaint were Michael Szupper, as Relocation Specialist for the United States Department of Housing and Urban Development ("HUD"), John Tolbert, as Field Office Director of HUD, Westmoreland County, PA and its Commissioners Thomas Bayla and Thomas Ceraso, Homes Build Hope, WEM Housing L.P., Chad Ruffner, as Executive Director of WEM Housing, Professional Community Coordinators, Inc., and Carlotta Paige.

At a status conference held on October 7, 2009, the plaintiff, for the first time in the case, stated her desire for a jury trial.  In a minute entry filed the same day after the status conference, the Court informed the parties that the case would proceed non-jury, since no timely jury demand had been made.

On October 13, 2009, the plaintiff submitted her "motion for leave to file a late jury demand".  On October 27, 2009, the defendants filed briefs opposing the motion.

Federal Rule of Civil Procedure Rule 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by" filing and serving such a demand "no later than 10 days after the last pleading directed to the issue is served".  The failure to make such a demand constitutes a waiver of the right to a jury trial.  F.R.Civ.P. 38(d).  Significantly, Rule 39(b) provides:

> Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

F.R.Civ.P. Rule 39(b).

In determining whether to grant an untimely jury demand under F.R.Civ.P. 39(b), Courts are to consider these factors: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the Court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand.  U.S. S.E.C. v. Infinity Group Co., 212 F.3d 180, 195-96 (3d Cir. 2000).

The first two factors listed above are not impediments to granting a late jury demand, as several defendants concede.  That is because the remaining claims alleging violations

3

of procedural due process and negligence are suitable issues for a jury.  Further, the Court's current schedule would not be disrupted, as no dates have been set for a final pretrial conference or trial, and the scheduled filing of motions for summary judgment would not be affected.

However, the third factor to be considered, whether any prejudice would befall the defendants, weighs heavily against granting a late jury demand.  The defendants explain that in reliance on the fact that the plaintiff did not demand a jury trial, they made several strategic decisions, such as whom to depose, whether or not to retain an expert witness, and what written discovery to serve on the plaintiff.  Since discovery in this case is closed, those strategies cannot be altered.  The defendants also aver that if this case is changed to a jury trial, they would be forced to expend greater resources in preparing demonstrative exhibits, visual aids, and in calling additional witnesses.  Certainly, "these matters have been recognized as the type of prejudice that has been considered as meriting credence in the context of a delayed jury trial request." FSA Group v. Amerada Hess Corp., 2006 WL 1117873, * 5 (E.D.Pa., April 26, 2006) (citing cases).

Likewise, the fourth and fifth factors in our analysis fail to support the granting of a late jury demand, as the plaintiff has not proffered a reasonable justification for her long delay in moving for a jury trial.  As discussed above, the plaintiff filed her original complaint on August 4, 2008, at which time she indicated on the civil cover sheet to the complaint that she was not making a jury demand.  The plaintiff also elected not to make a jury demand in her amended complaint.  By May 22, 2009, all answers to the amended complaint were filed.

Nonetheless, the plaintiff did not file her current motion requesting a jury trial until October 13, 2009, which was more than 14 months after she initiated this action, and almost 5 months after the filing of the last pleading directed to the issues in this case.  By the time the

defendants filed briefs opposing the plaintiff's motion for a late jury demand on October 27, 2009, discovery had closed.

The plaintiff asserts that she failed to make a timely jury demand under F.R.Civ.P. 38(b), because she misconstrued the meaning of the Rule. According to the plaintiff, she thought the term "pleading" in Rule 38(b) meant "motion pleading", such that she believed she had until 10 days after the close of pre-trial motions to file a timely jury demand.[2]

Importantly however, Courts hold that "[t]he operation of [Rule 38] imposes no greater burden on pro se litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally." Washington v. New York City Board of Estimate, 709 F.2d 792, 798 (2d Cir. 1983) (citing cases), cert. denied, 464 U.S. 1013 (1983). Accord, Jolivet v. Deland, 966 F.2d 573, 578 (10th Cir. 1992) ("[t]he fact that [plaintiff] is proceeding pro se does not entitle him to special consideration under Rule 38"); Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985) (same). Also see, Iseley v. Talaber, 2007 WL 2903340, *4-5 (M.D.Pa., Sept. 28, 2007) (finding that plaintiff's pro se status did not excuse his inadvertent failure to make a timely jury demand where, as here, plaintiff knew that a jury demand could be made early in the case).

Having considered the pertinent factors and based on the foregoing discussion, the plaintiff's motion for a late jury demand will be denied.

An appropriate Order will be entered.

---

2. See, plaintiff's current motion at ¶¶ 8-9.

<u>O  R  D  E  R</u>

AND NOW, this 2nd day of November, 2009, for the reasons set forth in the Court's Memorandum Opinion,

IT IS HEREBY ORDERED that the plaintiff's motion for leave to file a late jury demand (Document No. 117) is denied.

s/ ROBERT C. MITCHELL<br>
United States Magistrate Judge